# United States Court of Appeals for the Federal Circuit

---

**ERIC TERRELL BRYANT,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2021-1896

---

Petition for review of the Merit Systems Protection Board in No. AT-0714-20-0709-I-1.

---

Decided: February 24, 2022

---

ROBERT STEPHENS WEBB, III, Tully Rinckey PLLC, Austin, TX, argued for petitioner. Also represented by MICHAEL FALLINGS.

KARA WESTERCAMP, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent. Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., TARA K. HOGAN.

---

Before MOORE, *Chief Judge*, PROST and TARANTO, *Circuit Judges*.

PROST, *Circuit Judge*.

In July 2020, petitioner Eric T. Bryant was removed from his position with the Department of Veterans Affairs ("VA") for conduct unbecoming a federal employee. In February 2021, the Merit Systems Protection Board ("Board") upheld Mr. Bryant's removal. Because the Board's decision as to the underlying disciplinary action rests on legal errors in view of our court's recent decisions in *Rodriguez v. Department of Veterans Affairs*, 8 F.4th 1290 (Fed. Cir. 2021), and *Connor v. Department of Veterans Affairs*, 8 F.4th 1319 (Fed. Cir. 2021), we vacate that portion of the Board's decision and remand. We affirm, however, the Board's determination that Mr. Bryant failed to prove his affirmative defense of whistleblower reprisal.

I

The VA employed Mr. Bryant as a police officer with the Veterans Health Administration, Central Alabama Veterans Health Care System ("CAVHCS"), Tuskegee, Alabama. J.A. 1. During the timeframe relevant to this appeal, Mr. Bryant was assigned to CAVHCS's Columbus Community Based Out-Patient Clinic ("CBOC") in Columbus, Georgia. J.A. 3; *see* J.A. 131.

On June 19, 2020, the VA issued Mr. Bryant a notice of proposed removal under 38 U.S.C. § 714 based on a charge of conduct unbecoming a federal employee. J.A. 130–33. The notice alleged that, in May 2020, while officers of the Muscogee County Sheriff's Office were attempting to serve Mr. Bryant "with a Temporary Family Violence Order of Protection," Mr. Bryant made inappropriate statements to the county officers and displayed a lack of professionalism. J.A. 130. For example, the notice alleged that Mr. Bryant had "ma[de] threats" that "caused these [officers] to fear for their safety," including a threat that Mr. Byrant "would make things hard for [the officers]" if they were to "respond to calls for assistance from the CBOC." J.A. 131; *see* J.A. 130. The notice further stated that Mr. Bryant's

conduct was "unacceptable" and "inexcusable" considering that he was a "[f]ederal [p]olice [o]fficer entrusted with carrying a loaded firearm each day." J.A. 131.

On July 9, 2020, the VA issued a final decision sustaining the charge of conduct unbecoming and removing Mr. Bryant. J.A. 103–06. In particular, the deciding official, Mr. Amir Farooqi, found that the charge "as stated in the notice of proposed removal was supported by *substantial* evidence." J.A. 103 (emphasis added). Mr. Farooqi further decided "to [r]emove [Mr. Bryant] from employment with [the] VA under the authority of 38 U.S.C. § 714," without mentioning the *Douglas* factors.[1]    J.A. 103; *see* J.A. 103–06.

Mr. Bryant subsequently appealed his removal to the Board, where he contested whether the charged conduct occurred and whether removal was an appropriate penalty under the *Douglas* factors. J.A. 435, 439–40. Mr. Bryant also alleged as an affirmative defense that the VA removed him in reprisal for protected whistleblowing activity. J.A. 435–36. The administrative judge found that "the agency proved the charge by substantial evidence." J.A. 7. The administrative judge further—without performing a *Douglas*-factors analysis—upheld the agency's penalty of removal under section 714. J.A. 11. In addition, the administrative judge determined that Mr. Bryant "did not prove [his] affirmative defense." J.A. 10. The administrative judge's initial decision became the final decision of the Board on February 26, 2021. J.A. 11, 15. Mr. Bryant now petitions for review of the Board's decision. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

---

[1]    "*Douglas* factors" refers to the twelve factors articulated in *Douglas v. Veterans Administration*, 5 M.S.P.B. 313 (1981), for an agency to consider when determining whether a penalty is appropriate.

## II

Our review of Board decisions is limited. *Whiteman v. Dep't of Transp.*, 688 F.3d 1336, 1340 (Fed. Cir. 2012). A final decision of the Board must be affirmed unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see also Potter v. Dep't of Veterans Affs.*, 949 F.3d 1376, 1379 (Fed. Cir. 2020). We review the Board's legal determinations de novo and its factual findings for substantial evidence. *Archuleta v. Hopper*, 786 F.3d 1340, 1346 (Fed. Cir. 2015).

In 2017, Congress enacted 38 U.S.C. § 714 to provide expedited procedures by which the Secretary of Veterans Affairs may remove, demote, or suspend employees if the VA determines that such measures are warranted based on the covered individual's performance or misconduct. 38 U.S.C. § 714(a)(1); *see Brenner v. Dep't of Veterans Affs.*, 990 F.3d 1313, 1317–18 (Fed. Cir. 2021). This case arises against the backdrop of section 714. Specifically, as relevant here, section 714 provides that on appeal to the Board, "the administrative judge shall uphold" a decision by the VA "to remove, demote, or suspend an employee under subsection (a) if the decision is supported by substantial evidence," § 714(d)(2)(A), and that the administrative judge and the Board "shall not mitigate the penalty prescribed" by the VA, § 714(d)(2)–(3).

These changes prompted litigation in our court concerning (1) whether section 714 permits the *agency* to apply a "substantial evidence" standard of proof in making disciplinary decisions in the first instance, and (2) whether under section 714 the agency and the Board need not consider the *Douglas* factors. In August 2021, in *Rodriguez v. Department of Veterans Affairs*, our court answered the former question, holding that "substantial evidence may not

be used as the standard of proof in disciplinary actions under section 714." 8 F.4th 1290, 1303 (Fed. Cir. 2021). Rather, under section 714, "preponderance of the evidence is the minimal appropriate burden of proof" as to whether the alleged "misconduct had occurred." *Id.* at 1301. Our court explained that the references to "substantial evidence" in section 714 "are all explicitly directed to the standard of review to be applied by administrative judges and the Board." *Id.* at 1298. Also in August 2021, in *Connor v. Department of Veterans Affairs*, our court answered the latter question, holding that "[section] 714 did not alter preexisting law, which required the VA and the Board to apply the *Douglas* factors to the selection and review of penalties in VA disciplinary actions." 8 F.4th 1319, 1326 (Fed. Cir. 2021). In other words, "the VA and Board must continue to apply the relevant *Douglas* factors in considering the reasonableness of the penalty." *Id.*

On appeal to us, Mr. Bryant argues that, under *Rodriguez*, the VA must now determine by a "[p]reponderance of the [e]vidence" that he "engaged in the conduct as alleged." Reply Br. 2. Stated differently, Mr. Bryant contends that the VA's final decision sustaining the charged conduct is legally flawed because the deciding official found the charge proved merely by substantial evidence rather than a "preponderance of the evidence" as required by *Rodriguez*. *See* Reply Br. 1–4. Indeed, the deciding official in this case, in a decision that predated *Rodriguez*, characterized "substantial evidence" as the applicable standard of proof. J.A. 103. The deciding official's use of that standard of proof was in error. When making its decision, the agency, as *Rodriguez* clarified, must prove its charge by a preponderance of the evidence. Because the deciding official used the incorrect standard of proof in reaching the final decision here, we vacate the Board's decision as to the underlying removal and remand to the Board for further proceedings under the correct legal standard. Presumably those further proceedings will include the Board requiring

the VA's deciding official to determine whether the evidence as to the charge against Mr. Bryant satisfies the requisite preponderance-of-the-evidence standard of proof.

Separately, Mr. Bryant argues that, under *Connor*, the Board's determination upholding Mr. Bryant's penalty of removal is "contrary to the law" because the VA and the Board "failed to properly consider the *Douglas* factors." Reply Br. 5. Here, pre-*Connor*, it appears that neither the agency nor the Board conducted a *Douglas*-factors analysis. The deciding official, Mr. Farooqi, testified before the Board that he "did not" "go into any analysis over the *Douglas* [f]actors." J.A. 280. Indeed, Mr. Farooqi's final decision removing Mr. Bryant didn't explicitly apply the *Douglas* factors, *see* J.A. 103–06, even though Mr. Bryant had discussed all twelve factors in his written reply to Mr. Farooqi, *see* J.A. 112–15. Likewise, the Board's decision didn't apply the *Douglas* factors, *see* J.A. 11, even though Mr. Bryant had raised that issue in his briefing to the Board, *see* J.A. 439–40. The Board's penalty analysis is legally erroneous under *Connor*.[2] 8 F.4th at 1326. We therefore vacate the penalty portion of the Board's decision for this independent reason and remand to the Board for further proceedings under the correct legal standard.

Mr. Bryant also appeals the Board's findings concerning his affirmative whistleblowing defense. *See* Pet'r's Br. 17–19; Resp't's Br. 42–46. Here, the Board found that the proposing and deciding officials weren't "aware of" or "motivated by" Mr. Bryant's alleged protected activity "when taking th[e] disciplinary action." J.A. 9–10. The

---

[2]    The government contends that the agency's and the Board's failure to consider the *Douglas* factors "was at most harmless error." Resp't's Br. 21; *see* Resp't's Br. 32–42. But at least because we remand this case under *Rodriguez*, we decline to address harmless error as to the *Douglas* factors in the first instance.

Board determined that therefore Mr. Bryant "did not prove [his] affirmative defense" because he failed to show that his "whistleblowing activity was a contributing factor [to the] personnel action." J.A. 9–10.  We conclude that the Board's determinations regarding Mr. Bryant's whistleblowing defense are supported by substantial evidence and in accordance with the law.  For example, the Board credited testimony from the proposing and deciding officials that they were unaware of Mr. Bryant's "protected activity" prior to the removal action.  J.A. 9–10.  The Board further considered how long each official had been in his respective position.  J.A. 2, 9–10; *see* J.A. 272.  We discern no basis to disturb the Board's conclusion regarding Mr. Bryant's affirmative defense.  *See, e.g.*, *Kewley v. Dep't of Health and Hum. Servs.*, 153 F.3d 1357, 1361–62 (Fed. Cir. 1998); 5 U.S.C. § 1221(e)(1).

## III

For the foregoing reasons, we vacate the Board's decision as to Mr. Bryant's underlying removal, affirm the Board's decision as to Mr. Bryant's affirmative defense, and remand for further proceedings consistent with this opinion.

**AFFIRMED-IN-PART, VACATED-IN-PART, AND REMANDED**

COSTS

Costs to Mr. Bryant.